IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-00003-01-CR-W-SRB |
| ) | |
| RONALD L. BELL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Ronald L. Bell's Amended Motion for Compassionate Release. (Doc. #84.) For the reasons stated below, the motion is GRANTED.

**I. BACKGROUND**

On December 21, 2016, Defendant pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(i). On July 12, 2017, the Court sentenced Defendant to 60 months imprisonment on each count with the terms to run consecutively for a total term of 120 months, followed by five years of supervised release. (Doc. #46.) Defendant is incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"), and he has a projected release date release date of August 6, 2024.[1]

The Warden of MCFP Springfield denied Defendant's Request for Reduction in Sentence on August 21, 2020, and denied Defendant's administrative remedy appeal on September 24, 2020. (Doc. #77, p. 13.) On November 2, 2020, Defendant filed a *pro se* Notice of Emergency

---

[1] *See* Fed. Bureau of Prisons, *Find an Inmate, available at* https://www.bop.gov/inmateloc/ (last visited December 21, 2020).

Motion for 3852(c)(1)(A) Compassionate Release, asking for home confinement because his medical conditions put him at an increased risk of severe illness from COVID-19. (Doc. #77.) On December 3, 2020, the Federal Public Defender filed an Amended Motion for Compassionate Relief on Defendant's behalf. (Doc. #84.) The Government opposes the motion on the grounds that Defendant poses a danger to the community.

## II. LEGAL STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020). The Government concedes that Defendant exhausted his administrative remedies.

2

### III. DISCUSSION

#### A. Extraordinary and Compelling Reasons

Defendant argues, and the Government concedes, that his medical conditions constitute extraordinary and compelling reasons warranting his release. Defendant suffers from several medical conditions including hypertension, Type 2 Diabetes, acute asthma, and obesity (Doc. #84, pp.1, 7.) These medical conditions are recognized by the Centers for Disease Control and Prevention ("CDC") as underlying medical conditions that increase one's risk of severe illness or death from COVID-19.[2] The Court thus finds that Defendant has satisfied his burden of showing extraordinary and compelling reasons warrant his release.

#### B. Section 3553(a) Factors

Upon review of the record and the factual circumstances of this case, the Court finds that the sentencing factors in 18 U.S.C. § 3553(a) support a sentence modification.[3] The Government

---

[2] *See* Ctrs. for Disease Control & Prevention, *People With Certain Medical Conditions*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 22, 2020).

[3] The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission ...;]
> (5) any pertinent policy statement [issued by the Sentencing Commission ...;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

addresses the § 3553(a) sentencing factors by arguing Defendant "has failed to demonstrate that the § 3142 factors (which are basically the same as the 18 U.S.C. § 3553(a) factors weighed by the Court at sentencing) support his release into the community." (Doc. #85, p. 4.) Specifically, the Government argues Defendant's participation in drug trafficking and firearms offenses distinguishes this case from others where compassionate release has been granted, which largely involve non-violent defendants. Defendant argues the goal of just punishment is outweighed by his potential exposure to a life-threatening illness that may result in his death while incarcerated.

After considering the record and arguments made by both parties, the Court finds the applicable § 3553(a) factors support a reduction of Defendant's sentence. While incarcerated, Defendant has maintained employment, committed no acts of violence, and completed numerous education courses. (Doc. # 77, p. 19.) Defendant's commitment to rehabilitation and medical conditions outweigh any marginal benefit he would receive from finishing his sentence in prison. Furthermore, the severe risk of death given Defendant's medical conditions supports a sentence modification. While the Court acknowledges the serious nature of Defendant's underlying offenses, the Court's determination here is consistent with other district court orders granting compassionate release to similarly situated defendants. *See, e.g.*, *Loyd v. United States*, No. 15-20394-1, 2020 WL 2572275, at *5 (E.D. Mich. May 21, 2020) (granting compassionate release to defendant who served less than four years of a ten-year sentence for conspiracy to possess with intent to distribute controlled substances) ("[Defendant's] crimes are serious, but the quality of his time in prison has shown tremendous growth in his ability to positively impact his family and community. Finally, [Defendant's] growth and medical condition outweigh any marginal benefit he would receive from finishing his sentence in prison."); *United States v. Brown*, 457 F. Supp. 3d 691, 704 (S.D. Iowa 2020) (granting compassionate release to defendant who served

4

less than fifteen years of a forty-two-year sentence for conspiracy to distribute methamphetamine, methamphetamine possession with intent to distribute, and two counts of possessing a firearm in furtherance of a drug-trafficking crime) ("[G]iven Defendant's spotless prison disciplinary record, incarceration is unnecessary 'to protect the public from further crimes of the defendant.' § 3553(a)(2)(C). Meanwhile, given Defendant's exhaustive use of prison programming, the only thing left 'to provide the defendant with needed educational or vocational training' is to pursue an actual vocation. § 3553(a)(2)(D).")

### C. Section 3142(g) Factors

On balance, the Court finds Defendant no longer poses a danger to the community pursuant to 18 U.S.C. § 3142(g).[4] After considering the nature and circumstances of his offense, his history and characteristics, and the nature and seriousness of the danger to the community, the Court finds these factors weigh in favor of a reduction of Defendant's sentence. While the Government highlights the serious nature and circumstances of the charged offenses and Defendant's past conduct, this argument does not respond to Defendant's clear record of rehabilitation. During Defendant's time in prison, he maintained an institutional work

---

[4] The § 3142(g) factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

5

assignment, completed release preparation programming, and finished thirty-four Adult Continuing Education courses totaling 210 hours. (Doc. # 77, p. 19.)

Defendant has no history of violent disciplinary actions while incarcerated. Considering Defendant's age (55), his chance of recidivism upon release is low.[5] Given his experience working in various trades over forty years, Defendant is confident he will find employment upon release. Defendant's family members have developed a re-entry plan to support him by helping with housing, transportation, financial support, and assistance with finding health care. While Defendant's crimes were serious, his potential danger to the community is mitigated by his record of rehabilitation and family support upon release. Furthermore, Defendant is subjected to a five-year term of supervised release upon his release from imprisonment, ensuring he will continue to be adequately monitored. For these reasons, Defendant's release does not pose a danger to the community and the § 3142(g) factors weigh in favor of reducing his sentence.

In sum, given Defendant's high risk of serious illness or death should he contract COVID-19, the Court finds he has established extraordinary and compelling reasons warrant his release. The Court also finds the applicable § 3553(a) sentencing factors support a reduction of Defendant's sentence and that Defendant no longer poses a danger to the community. Thus, Defendant's motion for compassionate release is granted.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant Ronald L. Bell's Amended Motion for Compassionate Release (Doc. #84) is GRANTED. Defendant's term of imprisonment is reduced to time served. Defendant's *pro se* motion for compassionate release (Doc. # 77) is DENIED as

---

[5] *See generally* U. S. Sentencing Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* (2017), a*vailable at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf (last visited December 22, 2020).

6

moot.  The Court will enter an amended judgment separately to reflect Defendant's amended sentence.

It is **FURTHER ORDERED** that upon his release from BOP custody, Defendant will begin his five-year term of supervised release as set forth in the July 12, 2017, Judgment.  (Doc. #46.)

It is **FURTHER ORDERED** Defendant's release from BOP custody shall be subject to the following additional special condition:

(1) Allow the BOP 14 days to place Defendant within isolation to ensure that he does not become infected with COVID-19 before release.

It is **FURTHER ORDERED** that the United States Probation Office shall take all appropriate steps to communicate and facilitate Defendant release.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough  
STEPHEN R. BOUGH, JUDGE  
UNITED STATES DISTRICT COURT

DATE: December 23, 2020

7

Case 4:16-cr-00003-SRB   Document 86   Filed 12/23/20   Page 7 of 7